UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUSTEES ON BEHALF OF GENERAL EMPLOYEES TRUST FUND,<br><br>Plaintiff,<br><br>v.<br><br>POWER CLEAN ENTERPRISES, INC.,<br><br>Defendant. | Case No. 25-cv-05422-DMR<br><br>**ORDER GRANTING PLAINTIFF'S *EX PARTE* APPLICATION FOR ORDER ALLOWING SERVICE OF SUMMONS AND COMPLAINT UPON SECRETARY OF STATE AND TO CONTINUE INITIAL CASE MANAGEMENT CONFERENCE**<br><br>Re: Dkt. No. 7 |

Plaintiff Trustees on Behalf of General Employees Trust Fund ("Plaintiff" or the "Trust Fund") moves *ex parte* for an order permitting it to serve Defendant Power Clean Enterprises, Inc. ("Defendant" or "Power Clean") via the California Secretary of State. [Docket No. 7 (Appl.).] The court finds this matter suitable for disposition without oral argument. Civ. L.R. 7-1(b). For the reasons stated below, the court grants the application.

## I.   BACKGROUND

The Trust Fund has made several unsuccessful attempts to serve Power Clean's registered agent for service of process and its officers. On July 1, 2025, the Trust Fund's process server, First Legal Court & Process ("First Legal"), attempted to serve the summons and complaint on David Aria, Power Clean's Chief Executive Officer and registered agent for service of process, at Aria's business address, located at 11415 Sunrise Circle, Rancho Cordova, CA 95742. [Docket No. 7-1 (Schechter Decl.) ¶ 8 & Ex. A (7/11/25 Aff. of Due Diligence).] The door to the office was locked, an individual in a neighboring unit said that "he had seen someone in [Power Clean's office] once in the past year and a half." *Id.*, Ex. A at 1.

On the evenings of July 8, 9, and 10, 2025, First Legal attempted to serve Aria at his residential address in Roseville, California. *Id.* ¶ 10 & Ex. B (7/11/25 Aff. of Due Diligence). There

was no answer at the door, although First Legal reported that there were four vehicles in the driveway on July 9, and that movement could be heard on July 10. *Id.*, Ex. B at 1.

On July 10, 2025, First Legal attempted to serve Power Clean at the address listed in on Dun and Bradstreet's online business directory, 10791 Basie Way, Rancho Cordova, CA 95670-7325. *Id.* ¶¶ 11-12 & Ex. C (7/15/25 Aff. of Due Diligence).

Also on July 10, 2025, Power Clean filed a revised Statement of Information with the California Secretary of State that provided a Pocatello, Idaho address for Aria. *Id.* ¶ 13 & Ex. D (7/10/25 Statement of Information). First Legal attempted to serve Power Clean at this address on July 15, 2025. *Id.* ¶ 13 & Ex. E (8/19/25 Aff. of Due Diligence).

On July 23, 2025, First Legal conducted surveillance at Aria's Roseville, California address at the Trust Fund's request. *Id.* ¶ 16 & Ex. F (9/11/25 Decl. of Diligence). First Legal noted that in the driveway were four vehicles registered to David Aria; Svetlana V. Aria, Power Clean's Secretary; Oksana Yavorskaya; and Power Clean. *Id.*, Ex. F at 1; *see id.*, Ex. D (identifying Svetlana Aria as Power Clean's secretary). A security guard and female occupant at the residence informed the agent that David Aria owned the house and was currently in Hawaii. *Id.* The female occupant drove away in one of the vehicles. *Id.* First Legal attempted to "drop serve[]" the summons and complaint on an approximately 60-year-old male occupant of the house, who refused to provide his name or identification. *Id.* ¶ 16 & Ex. G (8/12/25 Decl. of Diligence). The male occupant drove away in the vehicle registered to Power Clean. *Id.*, Ex. G at 1.

First Legal continued to surveil the Rosewood, California address for a total of 13 hours between July 26 and August 3, 2025. *Id.* ¶ 17 & Ex. G (8/12/25 Decl. of Diligence). First Legal did not observe any activity. *Id.*, Ex. G at 1-2. On August 4, 2025, First Legal "left [the summons and complaint] on the porch." *Id.* at 3.

Between August 8 and 11, 2025, First Legal attempted to serve Power Clean three times at the Rosewood, California Address in the evening. *Id.* ¶ 18 & Ex. G at 1. First Legal received no answer at the door, although it observed lights on inside on August 8. *Id.*, Ex. G at 1.

On August 25, 2025, Power Clean filed another revised Statement of Information with the California of Secretary of State, which lists the Pocatello, Idaho address as its principal address. *Id.*

¶ 19 & Ex. H (8/25/25 Statement of Information).

## II.   DISCUSSION

A corporation may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(h)(1)(A), (e)(1). California law provides that, "if the agent designated [for service of process] cannot with reasonable diligence be found at the address designated for personally delivering the process . . . and it is shown by affidavit to the satisfaction of the court that process against a domestic corporation cannot be served with reasonable diligence upon the designated agent . . . , the court may make an order that the service be made upon the corporation by delivering by hand to the Secretary of State[.]" Cal. Corp. Code § 1702(a). "Service in this manner is deemed complete on the 10th day after delivery of the process to the Secretary of State." *Id.*

Despite multiple attempts at service between July 1 and August 11, 2025, the Trust Fund has been unable to serve Power Clean's registered agent and CEO David Aria or Secretary Svetlana Aria at any of the business or residential addresses identified in Power Clean's filings with the California Secretary of State, Power Clean's online registries, and other public records. Schechter Decl. ¶¶ 8-18 & Ex. A-G. Power Clean's July 10, 2025 and August 25, 2025 Statements of Information also do not identify any other corporate officers besides David Aria and Svetlana Aria. *Id.*, Ex. D, H; *see Mango v. Special Automotive Sols.*, No. 23-CV-03422-LB, 2023 WL 12140901, at *1 (N.D. Cal. Oct. 3, 2023) (Section 1702(a) requires that "the plaintiff must at least attempt service on the corporation itself, such as by serving a corporate officer.").

Under these circumstances, the court grants the Trust Fund's motion. The Trust Fund has exercised reasonable diligence in attempting to serve Power Clean such that Power Clean may be served via the California Secretary of State. The Trust Fund shall effect service no later than October 6, 2025. The Trust Fund shall serve Power Clean with a copy of this order, in addition to the summons and complaint.

Furthermore, the October 1, 2025 initial case management conference is continued to December 3, 2025 at 1:30 p.m. This proceeding will be held via a Zoom webinar. All counsel,

members of the public, and media may access the webinar information at https://www.cand.uscourts.gov/dmr. Zoom guidance and set up may be found at https://www.cand.uscourts.gov/zoom/.

**IT IS SO ORDERED.**

Dated: September 22, 2025

_____
Donna M. Ryu
Chief Magistrate Judge